**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 17 2012, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**CATHLEEN M. SHRADER**
**ANTHONY M. STITES**
Barrett & McNagny LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES:

**LARRY L. BARNARD**
**J. BLAKE HIKE**
**ROBERT L. NICHOLSON**
Carson Boxberger LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| OMNISOURCE CORPORATION, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1112-PL-627 |
| | ) | |
| DAVID E. LALLOW, JAMES NISWONGER, SR., | ) | |
| 3 RIVERS METAL RECYCLING, LLC, and | ) | |
| J&D REAL ESTATE, LLC, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Thomas J. Felts, Judge
John D. Kitch, III, Hearing Officer
Cause No. 02C01-1102-PL-10

**July 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Omnisource Corporation (Omnisource) appeals from the trial court's order granting the defendants' cross-motion for summary judgment in Omnisource's action against David E. Lallow, James Niswonger, Sr. (collectively, the Employees), 3 Rivers Metal Recycling, LLC (3 Rivers), and J & D Real Estate, LLC (J & D) for injunctive relief and damages. Omnisource presents the following restated issue for our review: Did the trial court err by granting the defendants' cross-motion for summary judgment after finding that the Amended and Restated Deferred Compensation Agreement (ARDCA) entered into between Omnisource and Lallow, superseded the Employment and Deferred Compensation Agreement (EADCA) entered into between the two?

We reverse.

Omnisource is a scrap metal processor and recycler based in Fort Wayne, Indiana. Lallow and Niswonger were long-time employees of Omnisource, with Lallow joining the company in 1974 and Niswonger joining in 1981. Both men were among a few employees who were offered deferred compensation plans. Niswonger's employment was governed by an employment contract with Omnisource, and the terms of his deferred compensation were not included in that document.[1] Niswonger was made an assistant plant manager at the time he entered into his employment contract. Lallow's EADCA, which was entered into on May 23, 1989, was comprised of three parts: Part I. Employment Terms and Conditions; Part II. Deferred Compensation; and Part III. Miscellaneous. Lallow was appointed to the position

---

[1] A copy of Niswonger's deferred compensation agreement is not a part of the record before us.

of scale manager at that time. On September 30, 2007, Lallow and Omnisource entered into the ARDCA that is at issue in this appeal.[2]

Early in 2010, the Employees contacted B & N Auto Parts, Inc. (B & N), a business operating out of a facility in Fort Wayne, and whose representatives owned the real estate upon which the facility was located. The Employees expressed their interest in purchasing the tangible and intangible personal property of B & N as well as the real estate upon which the business was located. On September 15, 2010, they entered into a purchase agreement whereby they, or a company formed by them as principals, would purchase the B & N assets. Ultimately, on January 3, 2011, the Employees voluntarily terminated their employment with Omnisource. On January 7, 2011, the Employees, 3 Rivers, and J & D purchased the B & N assets.

By February of 2011, the Employees and 3 Rivers began competing with Omnisource. On February 11, 2011, Omnisource filed its action seeking injunctive relief from that competition. Omnisource argued that the Employees were violating the non-competition provisions of their EADCAs. On March 4, 2011, the Employees, 3 Rivers, and J & D filed their answer and counterclaim in which Lallow argued that he was not bound by any covenants not to compete because the entire EADCA had been superseded by the provisions of his ARDCA, which did not contain a non-competition provision.

On March 7, 2011, Omnisource filed a motion for partial summary judgment seeking a determination of whether Lallow's ARDCA superseded the entire EADCA. The

[2] Although the trial court's order grants the "Defendants'" cross-motion for summary judgment, the EADCA and ARDCA at issue in the cross-motion for summary judgment pertained solely to Lallow and referenced the

Employees filed a cross-motion for summary judgment on April 6, 2011, seeking a determination that Lallow's EADCA was superseded in its entirety by the ARDCA. The defendants argued in the motion that because Lallow's EADCA had been superseded in its entirety, he could not be in violation of any of its terms, including the non-competition provision.

Among the designated materials presented with the defendants' motion were the employment agreement and amended deferred compensation agreement of another Omnisource employee, David Dray (Dray). Omnisource entered into Dray's EADCA on April 3, 1989, and the EADCA was nearly identical to Lallow's EADCA. Dray's EADCA was amended on December 10, 2004, in which a provision was included to indicate that only the deferred compensation portion of Dray's EADCA was replaced and that the other terms and conditions continued to be in full force and effect. Omnisource entered into an ARDCA with Dray on September 30, 2007, the same date Lallow entered into the ARDCA with Omnisource. Unlike Lallow's ARDCA, however, Dray's ARDCA defined the December 10, 2004 amendment as the prior agreement that was being superseded. Otherwise, Dray's ARDCA was almost identical to Lallow's ARDCA. Omnisource also approached Dray with a new employment agreement after the execution of his ARDCA.

After additional briefing by the parties, the trial court heard oral argument on the cross-motions for summary judgment. On August 19, 2011, the trial court entered an order granting the defendants' cross-motion for summary judgment and ruled that Lallow's

"May 23, 1989" EADCA and "September 30, 2007 ARDCA." *Appellant's Appendix* at 113.

4

ARDCA superseded his EADCA in its entirety. The trial court certified its order for interlocutory appeal. We granted Omnisource's petition to accept jurisdiction over this interlocutory appeal.

Omnisource claims that the trial court erred by granting the defendants' cross-motion for summary judgment. In particular, Omnisource argues that the trial court erred by construing the ARDCA term "prior agreement" to include not only the deferred compensation portion of Lallow's EADCA, but his EADCA in its entirety, and that such construction was erroneous as a matter of law. Omnisource claims that its interpretation that would have harmonized all of the terms of Lallow's ARDCA and that the trial court erred as a matter of law by concluding otherwise. In the alternative, Omnisource contends that because a question of fact existed for the jury to determine, i.e., the intent of the parties at the time the ARDCA was signed, summary judgment was inappropriate.

When reviewing a trial court's order granting summary judgment, we apply the same standard as that of the trial court. *Lacy-McKinney v. Taylor Bean & Whitaker Morg. Corp.*, 937 N.E.2d 853 (Ind. Ct. App. 2010). Summary judgment is appropriate if the pleadings and designated evidence demonstrate that there are no genuine issues of fact and that the moving party is entitled to judgment as a matter of law. *Id.*; Ind. Trial Rule 56 (C). We construe the pleadings, affidavits, and designated materials in the light most favorable to the non-moving party, and the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Lacy-McKinney v. Taylor Bean & Whitaker Mortg. Corp.*, 937 N.E.2d 853. Because a trial court's grant of summary judgment comes to us clothed with a presumption of validity, the appellant must persuade us that error occurred. *Id.* If the trial court's order

granting summary judgment can be sustained on any theory or basis in the record, we must affirm. *Id*. We must carefully review a grant of summary judgment in order to ensure that a party was not improperly denied his or her day in court. *Id*. Further, our standard of review is not altered by the fact the parties filed cross-motions for summary judgment. *Mahan v. Am. Standard Ins. Co*., 862 N.E.2d 669 (Ind. Ct. App. 2007). We consider each motion separately to determine if the moving party is entitled to judgment as a matter of law. *Id*.

Our review of the trial court's decision construing the terms of a contract has been described as follows:

> The construction of a contract and an action for its breach are matters of judicial determination. Construction of a written contract is generally a question of law for which summary judgment is particularly appropriate. Our standard of review in such cases is de novo. The elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages. When construing a contract, unambiguous contractual language is conclusive upon the parties and the courts. If an instrument's language is unambiguous, the parties' intent is determined from the four corners of the instrument.

> If, however, a contract is ambiguous or uncertain, its meaning is determined by extrinsic evidence and its construction is a matter for the factfinder. When interpreting a written contract, the court should attempt to determine the parties' intent at the time the contract was made, which is ascertained by the language used to express their rights and duties. The contract is to be read as a whole when trying to determine the parties' intent. The court will make every attempt to construe the contractual language such that no words, phrases, or terms are rendered ineffective or meaningless. The court must accept an interpretation of the contract that harmonizes its provisions as opposed to one that causes its provisions to conflict.

*Niezer v. Todd Realty, Inc.*, 913 N.E.2d 211, 215-16 (Ind. Ct. App. 2009) (internal citations omitted), *trans. denied*.

Lallow's EADCA contained the following relevant provisions:

Employment and Deferred Compensation Agreement

This Employment and Deferred Compensation Agreement ("Agreement"), made and entered into as of this 23 day of May, 1989, by and between OMNISOURCE CORPORATION, an Indiana corporation, ("Corporation"), and David E. Lallow, hereinafter referred to as "Employee".

. . . .

## I.  Employment Terms and Conditions

10.  Covenant Not to Compete.

A.  During the term of this Agreement, and for a period of three (3) years after any termination or expiration hereof, the Employee will not:

. . . .

## II.  Deferred Compensation

. . . .

14.  Nature of Part II of this Agreement and Termination of Employee's Benefits Upon Termination of Employment for any Reason.  Employee acknowledges and agrees as follows:

(1) Part II of this Agreement is not in the nature of an employment contract and nothing under Part II of this Agreement shall be construed to grant to Employee any rights to remain an Employee of the Corporation and nothing under Part II of this Agreement shall be construed to limit the Corporation's ability to terminate Employee's employment at any time and with or without cause.

. . . .

*Appellant's Appendix* at A-78-89.  Lallow's ARDCA contains the following pertinent

provisions:

AMENDED AND RESTATED DEFERRED COMPENSATION
AGREEMENT

This [ARDCA] ("Agreement") is made and entered into this 30 day of September, 2007, by and between OmniSource Corporation ("OmniSource") and David Lallow ("Employee"), and is entered into under the following circumstances:

. . . .

d. OmniSource and Employee previously entered into a Deferred Compensation Agreement as of May 23, 1989 ("Prior Agreement") and the parties wish to amend and restate the Prior Agreement to provide for certain changes and to conform to the requirements of Section 409A of the Internal Revenue Code.

e. Employee and OmniSource have entered into or may, in the future, enter into an employment agreement governing the terms and conditions of Employee's employment (any and such agreement is hereinafter referred to as "Employment Agreement"), and this Agreement shall not be construed to limit, modify, amend, or affect any Employment Agreement.

. . . .

13. Amendment and Restatement. This Agreement amends and restates the Prior Agreement and supersedes the Prior Agreement in its entirety.

. . . .

*Id.* at A-96-100.

Lallow and the defendants successfully argued to the trial court that because the EADCA was one document with three parts, and the ARDCA referred to the May 23, 1989 agreement, the entire EADCA was superseded by the ARDCA. Lallow supported that argument by submitting evidence of Dray's EADCA and ARDCA and Niswonger's EADCA and stand-alone deferred compensation agreement. Although one could argue that they are

8

relevant to show the evolution of Omnisource's contract-drafting and thus intent, we believe they are more illustrative of the fact that Omnisource's agreements with their employees did not involve a "one-size-fits-all" approach, but involved individual treatment of each employee's agreements with the company. As such, we will look at the two agreements that pertain to Omnisource and Lallow.

In order to avoid the EADCA's non-competition provision, among others, Lallow argued that the ARDCA defined the entire EADCA as the prior agreement which was superseded by the ARDCA. This construction, however, would lead to an absurd result. If there were no EADCA between Omnisource and Lallow, how would one determine such issues as Lallow's compensation, vacation time, or other benefits? Under what conditions could Lallow's employment be terminated by either him or Omnisource? Throwing out the entire EADCA because the parties amended the terms of Lallow's deferred compensation would lead to just that result.

"When interpreting the meaning of the words used in a contract, they should be given their plain, ordinary, and popularly accepted meanings." *USA Life One Ins. Co. of Ind. v. Nuckolls*, 682 N.E.2d 534, 539 (Ind. 1997). If the plain, ordinary, and popularly accepted meanings "would lead to some absurdity, or some repugnance or inconsistency with the rest of the instrument," then "the grammatical and ordinary sense of the words may be modified, so as to avoid that absurdity and inconsistency, *but no further*." *Id.* (quoting *Haworth v. Hubbard*, 220 Ind. 611, 44 N.E.2d 967, 968 (1942)) (emphasis in original).

In this case, Lallow's ARDCA specifically referred to a previous deferred compensation agreement and made no mention of modification of the employment

agreement. Although it would have been preferable to use language stating that only Part II of Lallow's EADCA was superseded by Lallow's ARDCA, we believe that the language actually used in fact expresses that intent. The trial court's order to the contrary thus is erroneous as a matter of law. "A contract term is not ambiguous merely because the parties disagree about the term's meaning." *Simon Property Group, L.P. v. Michigan Sporting Goods Distributors, Inc.*, 837 N.E.2d 1058, 1070 (Ind. Ct. App. 2005). Since only Part II of the EADCA was superseded by the ARDCA, Omnisource must now attempt to establish its allegation that the Employees were in breach of their employment agreements by competing against Omnisource during the period of non-competition. We reverse the trial court's order entering summary judgment in favor of the defendants and remand this matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed.

MAY, J., and BARNES, J., concur.